SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ONONDAGA

---

ROBERT PAZDZIERSKI,

                              Plaintiff,

v.

DASEKE & CO., INC., ONX1, LLC, and
BIG FREIGHTS SYSTEMS, INC.,

                              Defendants.

**AMENDED ANSWER WITH CROSS-CLAIM**

Index No. 006524/2021

---

      Defendant Big Freight Systems Inc., incorrectly sued herein as Big Freights Systems, Inc., by and through its attorneys Barclay Damon LLP, as and for its answer to plaintiff's complaint, upon information and belief, alleges as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint.

      3.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of plaintiff's complaint.

      4.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiff's complaint and refers all questions of law to the court.

      5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiff's complaint.

      6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint.

23073446.1

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of plaintiff's complaint.

8. Denies the allegations contained in paragraph 8 of plaintiff's complaint.

9. Denies the allegations contained in paragraph 9 of plaintiff's complaint.

10. Denies the allegations contained in paragraph 10 of plaintiff's complaint.

11. Denies the allegations contained in paragraph 11 of plaintiff's complaint.

12. Denies the allegations contained in paragraph 12 of plaintiff's complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of plaintiff's complaint and refers all questions of law to the Court.

14. Denies the allegations contained in paragraph 14 of plaintiff's complaint.

15. Denies the allegations contained in paragraph 15 of plaintiff's complaint.

16. Denies the allegations contained in paragraph 16 of plaintiff's complaint.

17. Denies the allegations contained in paragraph 17 of plaintiff's complaint.

18. Denies every allegation in plaintiff's complaint not specifically addressed herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The injuries as alleged in plaintiff's complaint were caused in whole or in part or were contributed to by the culpable conduct or want of care and assumption of risk on the part of plaintiff and without any negligence, fault, or want of care on the part of the answering defendant, and that plaintiff's damages are to be diminished by the portion of plaintiff's culpable conduct.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Plaintiff failed to mitigate his damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. All or part of the cost of plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources or with reasonable certainty, will be replaced or indemnified in the future from such collateral sources and to that extent, the defendant requests that in the event plaintiff recovers any judgment herein, that such amounts as have been or may be recovered in whole or in part from collateral sources be determined by the Court and the amounts plaintiff recovers be reduced by said amounts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. The answering defendant has not been properly served with process in this action and is, therefore, not subject to the jurisdiction of this Court.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff has not properly commenced this action in accordance with the terms and provisions of the New York Civil Practice Law and Rules and plaintiff's complaint should therefore be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. The liability of this answering defendant is limited under the terms of Article 16 of the CPLR.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the Plaintiff's injuries and/or damages were caused by persons over whom this this defendant did not have control.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. Upon information and belief, that the sole and proximate cause of any alleged injuries or damages to Plaintiff were the result of Plaintiff's own actions and not as the result of

any action or inaction of this answering defendant.

## AS AND FOR A CROSS-CLAIM AGAINST
## CO-DEFENDANT ONX1, LLC

27. If the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any carelessness, recklessness and/or negligence other than that of plaintiff himself, these damages will have been caused and brought about by reason of the carelessness, recklessness and/or negligence of the co-defendant ONX1, LLC.

28. If the plaintiff should recover a judgment against this answering defendant, by operation of law or otherwise, it will be entitled to judgment, contribution and/or indemnity over and against said co-defendant, its agents, servants and/or employees, by reason of its carelessness, recklessness and/or negligence for the amount of any such recovery, or a portion thereof, in accordance with the principles of law regarding apportionment of fault and damages, along with costs, disbursements and reasonable expenses of the investigation and defense of this action, including reasonable attorneys' fees.

**WHEREFORE**, defendant, Big Freight Systems Inc., demands judgment as follows:

A. Dismissing the plaintiff's complaint and granting defendant judgment on its affirmative defenses and cross-claim;

B. Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk and want of care bears to the culpable conduct which caused the plaintiff's damages; and

C. Granting such other and further relief as to this Court may deem just, proper and equitable, together with the costs and disbursements of this action.

DATED: Buffalo, New York
August 17, 2021                    **BARCLAY DAMON LLP**

By: */s/Vincent G. Saccomando*
    Vincent G. Saccomando, Esq.
*Attorneys for Big Freight Systems Inc.*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-5500

TO: Robert A. Quattrocci, Esq.
Stanley Law Offices, LLP
*Attorneys for Plaintiff*
215 Burnet Avenue
Syracuse, New York 13203
(315) 474-3742

CC: DASEKE & CO., INC.
ONX1, LLC
As they appear

23073446.1